**NOT FOR PUBLICATION**



FILED

NOV 09 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATNAM SINGH, | No. 15-70583 |
| Petitioner, | Agency No. A205-795-270 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 12, 2017
San Francisco, California

Before: THOMAS, Chief Judge, and REINHARDT and O'MALLEY,[**] Circuit Judges.

Satnam Singh, a citizen of India, petitions for review of the Board of

Immigration Appeals' order, adopting and affirming the Immigration Judge's

("IJ's") denial of his applications for asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Kathleen M. O'Malley, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

Substantial evidence does not support the agency's adverse credibility finding. The IJ determined that Singh's testimony was inconsistent with itself and with other record evidence. The cited inconsistencies, however, arise from apparent errors in the translation process, not from Singh's dishonesty. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 663 (9th Cir. 2003) ("[W]e have long recognized that difficulties in interpretation may result in seeming inconsistencies . . . ."). Although a natural reading of the record suggests that the inconsistencies were introduced during translation of Singh's testimony from Punjabi to English, neither the IJ nor the Board considered this possibility. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) ("In evaluating inconsistencies, the relevant circumstances that an IJ should consider include the [applicant's] explanation for a perceived inconsistency . . . and other record evidence that sheds light on whether there is in fact an inconsistency at all.").

The record does not support the findings that factored into the IJ's adverse credibility finding. First, the IJ determined that Singh intermittently referred to his treating doctor—who, according to record evidence, is female—as male. However, Singh expressly and repeatedly described the doctor as female. While

the male pronoun was used to describe the doctor, a fair reading of the transcript demonstrates that any error was likely introduced by the translator rather than Singh. The IJ unreasonably attributed these perceived inconsistencies to dishonesty rather than miscommunication. *See Li v. Holder*, 559 F.3d 1096, 1100 n.4 (9th Cir. 2009) ("[S]ome of the perceived inconsistencies on which the IJ based his adverse credibility finding had more to do with translation and transcription problems than the credibility of [the petitioner's] claim.").

Relatedly, the IJ determined that Singh inconsistently alleged to have received treatment from two different doctors, but Singh's descriptions of medical care were consistent throughout the removal hearing. The IJ erred in discounting Singh's testimony on this basis.

**PETITION GRANTED; REMANDED.**